IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

December 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | Filed: December 29, 1997 |
| | ) | |
| Appellant, | ) | |
| | ) | HAMILTON CRIMINAL |
| | ) | |
| Vs. | ) | |
| | ) | HON. DOUGLAS A. MEYER, |
| | ) | JUDGE |
| JOHNNY LEE CLEVELAND, III, | ) | |
| a/k/a AKEM ISMIL FUGUAN, | ) | |
| | ) | |
| Appellee. | ) | No. 03-S-01-9612-CR-00118 |

**For Appellant:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Darian B. Taylor
Assistant Attorney General
Nashville, Tennessee

At Trial:
William H. Cox
District Attorney General

H. C. Bright
Assistant District Attorney General
Chattanooga, Tennessee

**For Appellee:**

Ardena J. Garth
District Public Defender

Donna Robinson Miller
Assistant District Public Defender
Chattanooga, Tennessee

# O P I N I O N

AFFIRMED                                                          ANDERSON, C.J.

The primary issue presented in this appeal of a conviction for attempted aggravated rape is whether the absence of a juror during a portion of the closing argument was harmless error, or whether it was prejudicial to the judicial process and required a new trial.   A secondary issue is whether the trial court should have instructed the jury that aggravated assault is a lesser included offense of attempted aggravated rape.

At the beginning of the second day of trial, the trial judge replaced a missing juror with an alternate juror.  When the missing juror appeared during closing argument, the judge removed the alternate juror and replaced him with the original missing juror.  No objection was made.  Thereafter, the jury, as then constituted, found the defendant guilty of attempted aggravated rape.

The absent juror issue was first raised on appeal, after which the Court of Criminal Appeals found that the juror's absence was plain error and not subject to harmless error analysis.  The court also found that the trial court should have instructed the jury that aggravated assault was a lesser included offense of attempted aggravated rape.  As a result, the Court of Criminal Appeals reversed and remanded the case for a new trial.  The State appealed.

After a review of the record and relevant authorities, we conclude that the juror's absence during closing argument was a fundamental defect in the structure of the trial mechanism under article I, § 6 of the Tennessee Constitution, and was prejudicial to the judicial process.  We therefore agree with the Court of Criminal Appeals that harmless error analysis is not available, and that a new trial is required.   We also conclude that the Court of Criminal Appeals was incorrect in finding that the trial court should have instructed that the offense of aggravated assault was a lesser included offense of attempted aggravated

rape. Accordingly, we affirm the Court of Criminal Appeals' judgment as modified.

## BACKGROUND

The defendant, Johnny Cleveland, age 23, and the female victim, age 66, lived in the same neighborhood and were acquainted. One day they met on the street and the victim agreed to show Cleveland where she lived. After they entered the victim's apartment, Cleveland attacked the victim, threw her to the floor, and forcibly removed her clothes. Cleveland threatened to kill the victim with a large fork, but during the struggle she was able to trigger an alarm. When responding maintenance workers heard the victim cry out, they entered and escorted the naked Cleveland out of the apartment.

As a result of the foregoing events, the defendant was indicted on one count of attempted aggravated rape for "unlawfully, forcibly or coercively attempt[ing] to engage in sexual penetration with [the victim], while . . . armed with a weapon or an article used or fashioned in a manner to lead the victim to believe it to be a weapon."

At trial, the prosecution presented all its proof on the first day of trial and rested. At the beginning of the second day of trial, one of the jurors was missing, and the trial court picked an alternate.[1] The defense then rested without presenting any evidence, and the prosecution began its initial closing argument. The missing juror entered the courtroom during the argument. The following exchange occurred between the prosecutor and the trial judge:

Mr. Bright: Your Honor, do I need to start over?

---

[1] The jury was not sequestered.

The Court:    Yeah, I guess you really need to start over since he is now present.

Mr. Bright:   I tell you what, I'll let the other jurors tell him about it.

The Court:    Okay.

When closing arguments were finished, the trial court replaced the alternate juror with the original juror.  No objection was made to this procedure by the defendant.  The trial court then instructed the jury on attempted aggravated rape, for which he had been indicted, and on a number of other offenses -- i.e., attempted rape, sexual battery, attempted sexual battery, aggravated sexual battery, attempted aggravated sexual battery, and assault -- but did not instruct, as requested, that the offense of aggravated assault was a lesser included offense of attempted aggravated rape.  The jury found the defendant guilty of attempted aggravated rape.

The defendant contended at the hearing on the motion for new trial that the trial court was in error for not granting the requested instruction, but did not raise the absent juror issue.  The trial court overruled the motion.

The Court of Criminal Appeals, however, reversed the conviction and remanded for a new trial, finding that the absence of a juror was plain error that could not be subjected to harmless error analysis.  The court also found that the trial court should have instructed the jury that the offense of aggravated assault was a lesser included offense of attempted aggravated rape.

We granted the State's application for permission to appeal to review these two important issues.[2]

_____

[2] Although the defendant has briefed several additional issues, our review is limited to the two issues raised by the State's application for permission to appeal.

**ABSENT JUROR**

The trial court's action in first discharging an original absent juror and replacing him with an alternate juror, and then reversing course when the original juror appeared, followed no recognized procedural course and resulted in the original juror missing a part of the trial. The State agrees this is error, but contends it is harmless because no prejudice to the defendant has been shown. In order to determine whether the error is subject to harmless error analysis, we first review the scope of the right to trial by jury.

The right to trial by jury is a fundamental right preserved by article I, § 6 of the Tennessee Constitution and has "special resonance in criminal matters." Ricketts v. Carter, 918 S.W.2d 419, 424 (Tenn. 1996). It includes the right to have a unanimous jury verdict. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). It also includes the right to have every fact tried and determined by twelve jurors and to have all issues of fact submitted to the same jury at the same time. State v. Bobo, 814 S.W.2d 353, 356 (Tenn. 1991); Willard v. State, 174 Tenn. 642, 130 S.W. 99 (1939).

Closing argument assists the jury in determining the facts. The purpose of summation is to allow each side "to assist the jury in analyzing, evaluating, and applying the evidence" and it "includes counsel's right to state his contention as to the conclusion that the jury should draw from the evidence." United States v. Garza, 608 F.2d 659 (5th Cir. 1979); Tenn. R. Crim. P. 29.1; see also Sonsteng and Haydock, Trialbook, §3.02 (purposes include summarizing factual theories, significance of evidence, reasonable inferences, and legal theories). Courts have recognized that closing argument is a valuable privilege afforded to the State and the defense and have afforded wide latitude to counsel in arguing their cases to the jury. State v. Bigbee, 885 S.W.2d 797, 809 (Tenn. 1994).

Once a jury is impaneled, jurors may be discharged from further service prior to deliberations only if found by the trial court to be "unable or disqualified to perform their duties." Tenn. R. Crim. P. 24(e); see Tenn. Code Ann. § 22-2-312 (1994). Although the decision to discharge a juror and to select an alternate juror is left to the discretion of the trial judge, State v. Millbrooks, 819 S.W.2d 441, 445 (Tenn. Crim. App. 1991), there is no recognized procedure, statutory or otherwise, for discharging a juror, selecting an alternate, and then reinstating the original discharged juror who has missed a portion of the trial, as occurred in this case. Accordingly, the judge's action was error.

The primary question we must answer is whether the error is subject to harmless error analysis. In State v. Bobo, we said that the trial court's error in replacing a member of the jury with an alternate juror after the jury had begun deliberating in violation of Tenn. R. Crim. P. 24(e), "reache[d] past the statutory and procedural framework of our criminal justice system and encroache[d] upon certain basic constitutional guarantees under article I, § 6 of our Constitution." We compared a violation of the right to a trial by jury to a violation of the right to counsel or the right to an impartial judge, that is, a "defect[ ] in the structure of the trial mechanism" which prejudices the judicial process. We held, therefore, that such an error "def[ies] harmless error analysis" and requires "automatic reversal." Id. at 357-58.

The State argues that, unlike Bobo, the error here occurred before the jury deliberated, and that the defendant, who did not object to the juror's absence at trial, failed to show actual prejudice because the juror heard all of the evidence and missed only a portion of closing argument.[3] The State contends this case is controlled by State v. Chestnut, 643 S.W.2d 343 (Tenn. Crim. App. 1982), in which the Court of Criminal Appeals held that there was no indication that the

---

[3] Both parties indicate that the juror missed twenty minutes of argument.

defendant had been prejudiced when a sleeping juror missed five minutes of testimony.

In our view the error so fundamentally prejudices the judicial process that we do not reach the question of whether the error was harmless and whether there was actual prejudice. By first discharging and then reinstating the original juror, the jury included a member who missed a portion of the proceedings. The right to trial by a jury of twelve members must be "preserved inviolate." Bobo, 814 S.W.2d at 357. The right, therefore, requires that every effort must be made to maintain the integrity of the jury's deliberations. For example, the trial judge could easily have prevented the error in this case by waiting for the absent juror to show up or by discharging the absent juror and proceeding with an alternate.

In dissent, Justice Drowota, while acknowledging the presence of error, contends that the error was harmless because the defendant failed to show prejudice from the juror's absence during a short portion of the prosecution's closing argument. Requiring such a showing, however, would amount to an all but impossible burden for a defendant to meet in most cases and require sheer speculation as to the effect of a juror's absence. Moreover, the dissent misses the fundamental point that each juror in a jury of twelve must be present for every stage of the proceedings to "preserve inviolate" the constitutional right to a jury trial. Instead, the dissent's view merely endorses the presence of a fundamental error without a principled harmless error analysis or a practical remedy.

We conclude that the error in this case implicated the fundamental right to trial by jury under article I, § 6 of the Tennessee Constitution and constituted a defect in the trial mechanism that defies harmless error analysis. Moreover, the error is one that not only affects the substantial rights of the accused but also

results in prejudice to the judicial process as a whole.  State v. Onidas, 635 S.W.2d 516 (Tenn. 1982); see also Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(b).  We therefore agree with the Court of Criminal Appeals' conclusion that the trial judge's action was plain error which violated the defendant's constitutional right to trial by jury and was, therefore, not subject to harmless error analysis.  The only remedy was a new trial.

## LESSER OFFENSES

The trial judge refused to instruct the jury that aggravated assault was a lesser included offense of attempted aggravated rape.  The Court of Criminal Appeals concluded that was error, and the defendant urges us to agree.  In order to answer the question, we must examine the statutes and case law to determine the appropriate test for deciding whether one offense is necessarily included in another.

To satisfy constitutional standards, an indictment or presentment must provide notice of the offense charged, an adequate basis for entry of a proper judgment, and suitable protection against double jeopardy.  State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991).  As a result, a defendant cannot legally be convicted of an offense which is not charged in the indictment or which is not a lesser offense embraced in the indictment.  State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996).

Our legislature has said that "in cases of criminal prosecution for any felony wherein two (2) or more grades or classes of offenses may be included in the indictment," a trial judge has the duty to "charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so."  Tenn. Code Ann. § 40-18-110 (1990).  This duty, therefore, extends to two types of lesser offenses that may be included in an indictment: a

lesser "grade or class" of offense, and a "lesser included" offense.  <u>Trusty</u>, 919 S.W.2d at 311.

A lesser "grade or class" of offense is established by the legislature and is determined simply by looking at the offenses set forth in a statutory chapter and part.  <u>See</u>, <u>e.g.</u>, Tenn. Code Ann. §§ 39-13-101 through -107 (1991)("assaultive offenses").  In contrast, an offense is "lesser included" in another "only if the elements of the greater offense, as those elements are set forth in the indictment, include but are not congruent with, all the elements of the lesser."  <u>Trusty</u>, 919 S.W.2d at 310-311  (quoting <u>Howard v. State</u>, 578 S.W.2d 83, 85 (Tenn. 1979)); <u>see</u> <u>also</u> Tenn. R. Crim. P. 31.

Accordingly, the trial court must instruct the jury on all lesser grades or classes of offenses and all lesser included offenses if the evidence will support a conviction for the offenses.  The instructions preserve a defendant's right to fair and reasonable notice of the charges and allow the jury to consider all relevant offenses in determining the appropriate offense for conviction.  Finally, "allowing consideration of the lesser included offenses and the offenses of lesser grades and classes, if the evidence supports guilt on those offenses, more evenly balances the rights of the defense and the prosecution and serves the interests of justice."  <u>Trusty</u>, 919 S.W.2d at 311.

Here, aggravated assault is not a lesser grade or class of attempted aggravated rape.  The legislature has included aggravated assault among the "assaultive offenses" set forth in Tenn. Code Ann. §§ 39-13-101 through -107, while aggravated rape is among the "sexual offenses" listed in Tenn. Code Ann. §§ 30-13-501 through -522.  Moreover, an attempted crime, as charged here, is an inchoate offense, Tenn. Code Ann. § 39-12-101 (1990), while aggravated

assault is an offense carried to completion. <u>See</u> <u>e.g.</u>, <u>Trusty</u>, 919 S.W.2d at 312 (aggravated assault not a lesser grade of attempted first-degree murder).

Whether aggravated assault is a lesser included offense in attempted aggravated rape is a more complex question. The indictment charged the defendant with "unlawfully, forcibly, or coercively attempt[ing] to engage in sexual penetration with [the victim], while [he was] armed with a weapon or an article used or fashioned in a manner to lead the victim to believe it to be a weapon." The offense of attempted aggravated rape therefore required the following elements: 1) the defendant acted with a culpable mental state, i.e., intentionally, knowingly, or recklessly; 2) the defendant engaged in conduct constituting a substantial step toward commission of the crime, i.e., attempted to forcibly or coercively engage in sexual penetration; and 3) the defendant used a weapon or any article used or fashioned in a manner to lead the victim to believe it to be a weapon. <u>See</u> Tenn. Code Ann. § 39-11-301 (culpable mental state); Tenn. Code Ann. § 39-12-101 (attempt); Tenn. Code Ann. § 39-13-502 (aggravated rape).

Aggravated assault, on the other hand, requires proof of an assault combined with either serious bodily injury or the use of a deadly weapon. Thus, it requires one of the following combinations of elements: 1) a defendant who, acting intentionally, knowingly, or recklessly, causes bodily injury to another and either uses a deadly weapon or causes serious bodily injury; 2) a defendant who, acting intentionally or knowingly, causes another to reasonably fear imminent bodily injury and either uses a deadly weapon or causes serious bodily injury; or 3) a defendant who, acting intentionally or knowingly, causes physical contact with another that a reasonable person would regard as extremely offensive or provocative, and either uses a deadly weapon or causes serious bodily injury. Tenn. Code Ann. §§ 39-13-101(a) and -102(a)(1).

-10-

A close analysis of these elements reveals that aggravated assault is not a lesser included offense of attempted aggravated rape, as charged in the indictment. Each form of aggravated assault contains at least one element that is not <u>necessarily</u> included in the offense of attempted aggravated rape, and, therefore, not charged in the indictment in this case: bodily injury, reasonable fear of imminent bodily injury, or physical contact a reasonable person would regard as extremely offensive or provocative. <u>See</u> Tenn. Code Ann. § 39-13-101(a)(1)-(3). Although we recognize that any or all of these elements may and often do accompany an attempted aggravated rape, that does not satisfy the test for a lesser included offense under the <u>Trusty</u>/<u>Howard</u> analysis.

The defendant's argument, as well as the Court of Criminal Appeals' analysis, emphasizes that the evidence presented in this case by the State was sufficient to support a conviction for aggravated assault.[4] We do not disagree; in fact, the evidence was sufficient to support a separate count in the indictment for aggravated assault had the prosecutor chosen to pursue such a charge. Yet the sufficiency or weight of the evidence is not the test for determining if one offense is necessarily included in another offense. Instead, to preserve a defendant's right to receive fair and reasonable notice of the charges, and also to ensure the prosecution's right to seek charges on the offenses it deems appropriate, the focus must be placed on the elements of each offense and the allegations in the indictment. <u>Howard</u>, 578 S.W.2d at 84.

---

[4] We also observe that the cases relied upon by the defendant in support of his claim were all decided prior to <u>Trusty</u>. <u>See</u>, <u>e.g.</u>, <u>State v. Reed</u>, 689 S.W.2d 190 (Tenn. Crim. App. 1984).

-11-

We conclude, therefore, that aggravated assault is not a lesser grade or a lesser included offense of attempted aggravated rape. The trial court properly refused to instruct on the offense.[5]

**CONCLUSION**

We have determined that the absence of a juror for a portion of the trial violates the fundamental right to a trial by jury as provided in article I, § 6 of the Tennessee Constitution and is a defect in the structure of the trial mechanism which prejudices the judicial process. Such an error is not subject to harmless error analysis and requires automatic reversal and a new trial. We have also determined that the trial court did not err in failing to instruct the jury on the offense of aggravated assault. We therefore affirm the judgment of the Court of Criminal Appeals as modified. The costs of this appeal are taxed to the State of Tennessee.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**

Reid, Birch and Holder, JJ.

Drowota, J., dissenting - see separate dissent

---

[5] We observe that of the remaining offenses charged by the trial court, attempted rape, aggravated sexual battery, attempted aggravated sexual battery, sexual battery, and attempted sexual battery are lesser grades or classes of offenses of attempted aggravated rape. Tenn. Code Ann. § 39-13-501 to -522. For the same reasons described hereinabove, assault is neither a lesser grade of offense or a lesser included offense.

**FILED**

**December 29, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,                    )

    Appellant,                              )

                      )

v.                                     )

JOHNNY LEE CLEVELAND, III,             )

a/k/a AKEM ISMIL FUGUAN,               )

                      )

    Appellee.                               )

                      )

                      )

FOR PUBLICATION

**Filed:**

HAMILTON CRIMINAL

Hon. Douglas A. Meyer
    Judge

No. 03S01-9612-CR-00118

## CONCURRING/DISSENTING OPINION

I fully concur in the majority's decision that the trial court did not err in refusing to instruct the jury on the elements of aggravated assault since it is neither a lesser grade nor lesser included offense of attempted aggravated rape. However, I dissent from the majority's conclusion that the juror's absence during a portion of the State's initial closing argument was a fundamental defect in the trial mechanism under Article I, § 6 of the Tennessee Constitution which is not subject to a harmless error analysis and which was prejudicial to the judicial process. For the reasons that follow, I am of the opinion that harmless error analysis applies and that neither the defendant, nor the judicial process were prejudiced by the error in this case.

## APPLICABILITY OF HARMLESS ERROR ANALYSIS

Since there is no recognized procedure for discharging or replacing a juror, selecting an alternate, and then reinstating the original discharged or absent juror, the State concedes that the action of the trial court was error. However, the State argues that the error was harmless. Relying upon State v. Bobo, 814 S.W.2d 353 (Tenn. 1991), the majority holds that the error implicates the fundamental right to trial by jury under Article I, § 6 of the Tennessee Constitution and constitutes a defect in the structure of the trial mechanism which is not subject to harmless error analysis. I disagree.

Article I, § 6 of the Tennessee Constitution provides that the right of trial by jury must be preserved inviolate, which means that the right must be preserved as it existed at common law at the time of the adoption of the constitution. Bobo, 814 S.W.2d at 356. Encompassed within the right to trial by jury are the following principles: (1) every fact must be tried and determined by twelve jurors; (2) all issues of fact must be submitted to the same jury at the same time; and (3) the jury verdict must be unanimous. Id.; see also Willard v. State, 174 Tenn. 642, 130 S.W. 99 (1939); State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993).

In Bobo, two of these principles were compromised when the trial judge replaced one of the regular jurors with a previously discharged alternate juror after deliberations had begun. The error was compounded because the trial judge failed to instruct the jury to begin deliberations anew. Recognizing that there was no procedural rule in place to govern the replacement of a regular juror after deliberations had begun, this Court held that the defendant's state constitutional right to a trial by jury had been violated by the trial court's action. Determining that

the error amounted to a defect in the structure of the trial mechanism which is not subject to harmless error analysis, this Court reversed the conviction and adopted a rule of automatic reversal when a regular juror is replaced with an alternate after deliberations have begun.[6]

Contrary to the majority's conclusion, Bobo clearly does not control the outcome of this case. Here, the substitution and reinstatement occurred before deliberations began. The regular juror was absent only during a portion of the State's initial closing statement. The juror did not miss any portion of the proof. The defendant's right to a trial by jury was not violated in this case. Every fact was tried and determined by the same twelve jurors at the same time, and the verdict was unanimous. Although closing argument is a valuable privilege for both the State and the defense, it is just that, a privilege. Cf. Cone v. State, 747 S.W.2d 353, 357 (Tenn. Crim. App. 1987) (defense counsel waived closing argument). Closing argument is not part of the constitutional right to a trial by jury. Moreover, statements of counsel during closing argument are not evidence. State v. Woods, 806 S.W.2d 205, 211 (Tenn. Crim. App. 1990). Indeed, jurors in this State are routinely instructed that statements of counsel are not evidence and should be disregarded if not supported by the proof. T.P.I.-Crim. § 1.07 (3rd ed. 1992). In fact, the jurors in this case were so instructed. Accordingly, in my view, the error in this case does not implicate the defendant's right to a jury trial and therefore is not controlled by the rule of automatic reversal announced in Bobo.

---

[6]I filed a dissent from the majority decision in Bobo, on the basis that adoption of a procedural rule, rather than an automatic rule of reversal, would better address the question of whether a regular juror may be replaced with an alternate after deliberations have begun. The circumstances of this case again illustrate the need for a procedural rule in this area to promote judicial efficiency and consistency.

-15-

More closely resembling the circumstances of this case in my view are the facts of State v. Chestnut, 643 S.W.2d 343 (Tenn. Crim. App. 1982), perm. app. denied. 10/4/82. There, three of the jurors had difficulty staying awake during the testimony of one of the witnesses. The trial judge declared a recess and sent the jurors from the courtroom when he noticed one of the jurors sleeping. Counsel for both sides were informed of the trial court's observation. The record revealed that the juror had slept through five minutes of proof. Despite the fact that the juror had actually missed five minutes of proof, the Court of Criminal Appeals applied a harmless error analysis and affirmed the verdict of the jury. In so holding, the intermediate court noted that counsel for the defendant did not seek to have the sleeping juror replaced with the alternate juror who had been awake.

Application of the harmless error analysis to the facts of this case likewise compel the conclusion that the defendant was not prejudiced by the trial court's error in this case. Indeed, the error in this case actually may have inured to the benefit of the defendant since the juror missed only a portion of the State's initial closing argument. Though the parties in this case apparently agree that the juror missed twenty minutes of argument, it is difficult to conceive how the argument, which is contained in two pages of transcript, could have taken twenty minutes. In any event, the State was given the opportunity to repeat its closing argument when the juror arrived, but declined to do so. As previously stated, the statements of counsel during closing argument are not evidence. Though it is a privilege, closing argument may be waived. Although a finding of prejudice might be justified if the juror had missed the defendant's closing argument, the

defendant certainly has suffered no prejudice from the fact that the juror was absent during a portion of the State's initial closing argument.

Moreover, contrary to the majority's holding, the error did not result in prejudice to the judicial process. Though the actions of the trial court in this case were error, this was an isolated incident. There is nothing in the record to suggest that the trial court routinely substitutes alternate jurors and then subsequently reinstates the absent regular juror. This is not a case which is illustrative of an ongoing erroneous practice which might constitute prejudice to the judicial process. Compare State v. Coleman, 865 S.W.2d 455 (Tenn. 1993) (trial court consistently did not strictly follow procedural rules regarding jury selection, yet this Court only cautioned that further deviation could result in prejudice to the judicial process). In fact, the trial judge in this case was careful to point out that the absent juror missed only a portion of the State's initial closing argument and no proof. Therefore, in my view, the error did not result in prejudice to the judicial process.

Also significant is that the defendant in this case, as in Chestnut, did not contemporaneously object to the trial court's decision to reinstate the juror who arrived late, which he now challenges as error on appeal. Indeed, the issue was not raised in the defendant's motion for new trial, and in fact, was raised for the first time on appeal to the Court of Criminal Appeals. Generally, a defendant's failure to timely object to an error constitutes a waiver of appellate review of the issue. Tenn.R.App.P. 3(e); 13(b) & 36(a). Rule 36(a), Tenn.R.App.P., specifically directs that relief on appeal need not be granted "to a party responsible for an

-17-

error or [to a party] who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Although appellate courts have the discretion under Rule 52(b), Tenn. R. Crim. P., and Rule 13(b), Tenn.R.App.P., to grant relief for plain error, even if the error has not been preserved for appellate review, this is an extraordinary remedy which should be applied sparingly as is clearly stated in the Advisory Commission Comments to Rule 13, Tenn. R. App. P. Because the error in this case neither affected the substantial rights of the accused, nor resulted in prejudice to the judicial process, this is not an appropriate case for application of the plain error doctrine. Therefore, in my view, the error was actually waived, and appellate review of the issue is not available. However, even considering the merits of the claim, as the majority does, I am of the opinion the error was harmless.

## CONCLUSION

For the reasons previously stated, I dissent from the majority's conclusion that the juror's absence during closing argument was a fundamental defect in the trial mechanism under Article I, § 6 of the Tennessee Constitution which is not subject to harmless error analysis and which was prejudicial to the judicial process. I am of the opinion that harmless error analysis applies and that neither the defendant, nor the judicial process were prejudiced by the error in this case. Accordingly, I would reverse the decision of the Court of Criminal Appeals and reinstate the judgment of the trial court upholding the defendant's conviction for attempted aggravated rape.

_____

-18-

FRANK F. DROWOTA III,
JUSTICE