IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1999 SESSION

FILED

February 23, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9709-CR-00356 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY, |
| CLEO HENDERSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Attempt to Commit Second Degree |
| | ) | Murder) |

## DISSENTING OPINION

The majority opinion concludes that the Tennessee Supreme Court has adopted the statutory approach in determining lesser offenses to be charged the jury. The majority opinion further concludes that "the trial court is required to consider only the lesser offenses of the offense charged in the indictment, not the language contained in the indictment." My reading of the cases relied upon by the majority reflects that the language contained in the indictment is indeed material and can be determinative of lesser offenses to be charged. For this reason, I respectfully dissent.

The majority opinion primarily relies upon three decisions of the Supreme Court of Tennessee; to-wit: State v. Cleveland, 959 S.W.2d 548 (Tenn. 1997); State v. Trusty, 919 S.W.2d 305 (Tenn. 1996); and Howard v. State, 578 S.W.2d 83 (Tenn. 1979). The majority concludes that these cases establish our adoption of the statutory approach and rejection of the pleadings approach to lesser offenses. My reading of these cases does not lead to such a simple conclusion.

In Howard v. State, the Supreme Court concluded that:

> an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser.

578 S.W.2d at 85 (emphasis added). Since the burglary indictment in Howard did not allege a breach of peace, the Court concluded criminal trespass was not a lesser

offense to be charged to the jury.

In State v. Trusty, the Supreme Court adopted the Howard language set forth above. 919 S.W.2d at 310-11. The Court further stated that "unless aggravated assault is either a lesser grade or class or lesser included offense of attempted first-degree murder as alleged in the indictment, appellant's conviction must be reversed." Id. at 310 (emphasis added). The Court then went on to specifically examine the language used in the indictment. Noting that it contained no reference to "serious bodily injury or the use or display of a deadly weapon," the Court concluded that the indictment was insufficient to allege any of the forms of aggravated assault defined in the statute. Id. at 312. Based upon this failure, the Court concluded aggravated assault should not have been charged as a lesser offense of attempted first-degree murder. Id.

In State v. Cleveland, our Supreme Court relied upon the holdings of Trusty and Howard. 959 S.W.2d at 554. The Court concluded that "aggravated assault is not a lesser included offense of attempted aggravated rape, as charged in the indictment." Id. (emphasis added). Again, the Court examined the indictment and concluded that an essential element of aggravated assault was absent; to-wit: bodily injury, reasonable fear of imminent bodily injury, or offensive physical contact. Noting that the "focus must be placed on the elements of each offense and the allegations in the indictment," the Court concluded the trial court did not err in failing to instruct the jury on aggravated assault. Id. (emphasis added).

Unlike the indictments in Howard, Trusty, and Cleveland, the indictment in the case at bar specifically alleged all essential elements of aggravated assault. Specifically, as the majority notes, the indictment alleged the defendant did "knowingly attempt to kill Eva Itson by use of a deadly weapon. . . and did cause bodily injury to the said Eva Itson." Thus, the essential elements of aggravated assault are present in the indictment. See Tenn. Code Ann. §§ 39-13-101(a)(1) and 39-13-102(a)(1)(B). In accordance with the holdings of Howard, Trusty and Cleveland, aggravated assault was properly charged as a lesser offense of attempted second degree murder.

2

Based upon my reading of <u>Howard</u>, <u>Trusty</u> and <u>Cleveland</u>, it would appear Tennessee has adopted a hybrid approach calling for the consideration of both the pleadings and the statutes. I fully agree that our hybrid approach has produced great difficulty in the trial courts as evidenced by the numerous appellate cases which have addressed the issue. The statutory approach appears to be the most widely used in other jurisdictions and may very well be the simplest and best approach, especially from the trial court's perspective.

Although I would hope this jurisdiction would adopt a simpler approach to lesser offenses to be charged to the jury, the trial court's charging aggravated assault as a lesser offense of attempted second degree murder in this case was clearly proper under the holdings of <u>Howard</u>, <u>Trusty</u> and <u>Cleveland</u>. For this reason, I dissent.[1]

_____
**JOE G. RILEY, JUDGE**

---

[1]I also note the inherent unfairness to the state of allowing a defendant to secure the benefit of a lesser offense charge without objection and, upon conviction, complain the conviction is improper. In this case the trial court informed the defendant that aggravated assault would be charged as a lesser offense, and there was no objection. Nor was there any objection at the conclusion of the charge. In the motion for new trial, defense counsel even conceded that aggravated assault was a lesser offense. This issue was first raised on appeal. It may well be that defendant's implied approval of aggravated assault being charged to the jury could be viewed as a consensual amendment of the indictment. *See* <u>State v. Billy Joe Stokes</u>, C.C.A. No. 01C01-9710-CC-00442, Humphreys County (Tenn. Crim. App. filed January 19, 1999, at Nashville); *but see* <u>State v. Michael Davenport</u>, C.C.A. No. 03C01-9704-CR-00159, Cumberland County (Tenn. Crim. App. filed April 2, 1998, at Knoxville) (concluding that the mere failure to object to an erroneous lesser offense instruction does not result in an amended indictment.).