IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. RENNE EFREN ARELLANO

**Direct Appeal from the Circuit Court for Maury County**
**No. 12120     Robert L. Jones, Judge**

_____

**No. M2002-00380-CCA-R3-CD - Filed February 26, 2003**

_____

The Appellant, Renne Efren Arellano, was indicted by a Maury County grand jury for one count of aggravated arson, a class A felony, eight counts of attempted first degree murder, class A felonies, and one count of felony possession of a weapon, a class E felony. A negotiated plea agreement allowed the Appellant to plead to one count of arson, eight counts of aggravated assault, and one count of felony possession of a weapon in exchange for an effective twelve-year sentence. The manner of service of the twelve-year sentence was to be determined by the trial court. Following a sentencing hearing, the trial court ordered that the twelve-year sentence be served in the Department of Correction. On appeal, Arellano contends that the trial court erred in not sentencing him to any form of alternative incarceration. However, plain error dictates that the convictions be vacated and the case remanded for further proceedings because aggravated assault is not a lesser included offense of attempted first degree murder.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the Appellant, Renne Efren Arellano.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Joseph L. Penrod, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**Factual Background**

On October 1, 2000, the Appellant and "Danny, Larry, Mario, John, Michael, [and] Michelle" were at the Appellant's home drinking alcohol. At approximately 3:00 a.m., the group decided to

make "cocktail bombs" and throw them at Patricia Hood's trailer.  According to the Appellant the following events transpired:

> We had all gotten pretty drunk.  Michael already had a grudge with the people who lived in the trailer that got burnt.  He started trying to talk everyone to do something to their house.  Michael came up with the idea of making cocktail bombs to throw at their home.  So he got gasoline from our lawn mower gas jug and filled up some of the beer bottles that we had been drinking from. . . .  We all drove down to their trailer.  Mario and I in my car and everyone else in John's car.  We all got out and walked to their trailer.  I can't really remember who threw the first bottle, but soon as the bottle exploded I threw my bottle on the ground and ran back to my car. . . .

Patricia Hood was inside the trailer along with Cassandra, Amanda, Jessica, and Alexsandra Hood, Murray Smith, Trent Litwheller, and Santos Lane.  Patricia Hood was awakened by Smith, who told her that the trailer was on fire.  Everyone safely exited the trailer without suffering any physical harm; however, Jessica Hood was covered with black smoke and taken to the hospital, where she was later released.  According to Patricia Hood, seventy percent of the trailer was destroyed and it was unlivable.

Thereafter, a Maury County grand jury indicted the Appellant for one count of aggravated arson, eight counts of attempted first degree murder, and one count of felony possession of a weapon. In a negotiated plea agreement, the Appellant pled guilty to arson, eight counts of aggravated assault, and felony possession of a weapon and received an effective twelve-year sentence as a standard Range I offender.[1]  The manner of service of the sentence was to be determined by the trial court. On February 1, 2002, a joint sentencing hearing was held for the Appellant and Mario Estrada, who was also indicted in the offense.  The trial court denied any form of alternative sentencing and imposed total incarceration for the twelve-year sentence.  This timely appeal followed.

## ANALYSIS

Apparently, all of the parties to this plea agreement operated under the assumption that aggravated assault was a lesser included offense of attempted first degree murder.  Unfortunately, that assumption was incorrect.  Although the issue has not been raised by either the Appellant or the State, we find as plain error that the Appellant's convictions for aggravated assault were improper. *See* Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); *State v. Adkisson*, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994) (issues which rise to the level of plain error lie within the sound discretion of the appellate court and may be addressed to prevent needless litigation, prevent injury to the interests of the public, prevent prejudice to the judicial process, prevent manifest injustice, or to do

---

[1]The Appellant received three-year sentences for the arson and each aggravated assault conviction and a one-year sentence for felony possession of a weapon.  The arson conviction and three of the aggravated assault convictions were run consecutively to one another.  The remaining aggravated assault convictions and the weapon offense were run concurrently to the other convictions, resulting in an effective twelve-year sentence.

substantial justice).  Perhaps the most basic constitutional right afforded a criminal defendant is the right not to "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury . . . ."  U.S. CONST. amend. V; TENN. CONST. art. I, § 14.  A defendant cannot legally be convicted of an offense which is not charged in the indictment or which is not a lesser offense embraced in the indictment.  *State v. Cleveland*, 959 S.W.2d 548, 552 (Tenn. 1997).  Moreover, after an indictment has been returned, its charge may not be broadened or changed except by action of the grand jury.[2]  *State v. Goodson*, 77 S.W.3d 240, 244 (Tenn. Crim. App. 2001) (citations omitted).  The test for determining whether an offense is a lesser included offense of that charged in the indictment is found in our supreme court's decision *State v. Burns*, 6 S.W.3d 453, 466-67 (Tenn. 1999).

> An offense is a lesser included offense if:
>
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:
>
>> (1) a different mental state indicating a lesser kind of culpability; and/or
>>
>> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>
>> (1) facilitation of the offense charged . . .; or
>> (2) an attempt to commit the offense charged . . .; or
>> (3) solicitation to commit the offense charged.

*Id.*  Here, the Appellant was indicted for attempted first degree murder but was convicted of aggravated assault.  Under the prevailing *Burns* analysis, this court has held, in *State v. Christopher Todd Brown*, No. M1999-00691-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 9, 2000), that aggravated assault is not a lesser included offense of attempted first degree murder.  Moreover, we are constrained to note that no appellate court of this state has held, under any lesser included test, that aggravated assault is a lesser included offense of attempted first degree murder.  *State v. Trusty,* 919 S.W.2d 305, 311-312 (Tenn. 1996), *overruled by State v. Dominy,* 6. S.W.3d 472, 475 (Tenn.

---

[2]We would also acknowledge that Tennessee Code Annotated § 40-3-103 provides:  "All violations of the criminal laws may, with the consent of the accused and the accused's attorney and of the court, be prosecuted upon the filing of an information."  Moreover, Rule 7(b) of the Tennessee Rules of Criminal Procedure prohibits the amendment of an indictment, presentment, or information if an additional or different offense is thereby charged.

1999).  Accordingly, we conclude that application of the lesser included offense test articulated in *Burns* requires the conclusion that aggravated assault is not a lesser included offense of attempted first degree murder.

## CONCLUSION

The judgment of conviction is reversed, and the Appellant's plea of guilty is vacated.  This case is remanded to the trial court for a new trial or other appropriate proceedings.

_____

DAVID G. HAYES, JUDGE