IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## STATE OF TENNESSEE v. MARIO C. ESTRADA

**Direct Appeal from the Circuit Court for Maury County**
**No. 12131     Robert L. Jones, Judge**

---

**No. M2002-00585-CCA-R3-CD - Filed March 14, 2003**

---

The Appellant, Mario C. Estrada, appeals the sentencing decision of the Maury County Circuit Court imposing a sentence of twelve years incarceration in the Department of Correction.  The sentence arose from  guilty pleas by Estrada to one count of arson, eight counts of aggravated assault, and one count of possession of a prohibited weapon.  The indictment returned against Estrada charged him with one count of aggravated arson, eight counts of attempted first degree murder, and one count of possession of a prohibited weapon.  In this appeal, Estrada raises the issue of whether the trial court erred by ordering that his sentence be served in total confinement.  After review, we find that plain error dictates that the convictions be vacated and the case remanded for further proceedings because aggravated assault is not a lesser included offense of attempted first degree murder.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Claudia S. Jack, District Public Defender; Robin Farber, Assistant Public Defender, Columbia, Tennessee, for the Appellant, Mario C. Estrada.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Joseph L. Penrod, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural Background

In the early morning hours of October 1, 2000, the eighteen-year-old Appellant and several co-defendants, possessing molotov cocktails, went to the home of Patricia Hood in Columbia.  The

explosive devices were thrown into the mobile home, which was occupied at the time by eight individuals, Hood, her three teenage daughters, their boyfriends, and her eighteen-month-old granddaughter. The occupants were awakened by the fire and barely managed to escape. Their home was over seventy percent destroyed, resulting in them being forced to live in a motel for a month.

The Appellant was indicted for: (1) one count of aggravated arson; (2) eight counts of attempted first degree murder; and (3) one count of possession of a prohibited weapon. On December 10, 2001, the Appellant pled guilty to: (1) one count of arson, a class C felony; (2) eight counts of aggravated assault, class C felonies; and (3) one count of possession of a prohibited weapon, a class E felony. Pursuant to the plea agreement, the Appellant received three-year sentences for each class C felony conviction, and a one year sentence for possession of a prohibited weapon. As provided by the agreement, the arson conviction and three of the aggravated assault convictions were ordered to run consecutively, with all other sentences being concurrent. This resulted in an effective twelve-year sentence, with the manner of service of the sentences to be determined by the court. Following the sentencing hearing on February 1, 2002, the trial court denied the Appellant's request for alternative sentencing and ordered that the twelve-year sentence be served in confinement. This appeal followed.

**Analysis**

The Appellant contends that the trial court erred in denying him an alternative sentence. Preliminary to our review of the sentencing issue, we are constrained to note that apparently all of the parties to this plea agreement operated under the assumption that aggravated assault was a lesser included offense of attempted first degree murder. Unfortunately, that assumption was incorrect. Although the issue has not been raised by either the Appellant or the State, we find as plain error that the Appellant's convictions for aggravated assault were improper. *See* Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b); *State v. Adkisson*, 899 S.W.2d 626, 638-39 (Tenn. Crim. App. 1994) (issues which rise to the level of plain error lie within the sound discretion of the appellate court and may be addressed to prevent needless litigation, prevent injury to the interests of the public, prevent prejudice to the judicial process, prevent manifest injustice, or to do substantial justice). Perhaps the most basic constitutional right afforded a criminal defendant is the right not to "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury . . . ." U.S. CONST. amend. V; TENN. CONST. art. I, § 14. A defendant cannot legally be convicted of an offense which is not charged in the indictment or which is not a lesser offense embraced in the indictment. *State v. Cleveland*, 959 S.W.2d 548, 552 (Tenn. 1997). Moreover, after an indictment has been returned, its charge may not be broadened or changed except by action of the grand jury.[1] *State v. Goodson*, 77 S.W.3d 240, 244 (Tenn. Crim. App. 2001) (citations omitted). The test for

---

[1]We would also acknowledge that Tennessee Code Annotated § 40-3-103 provides: "All violations of the criminal laws may, with the consent of the accused and the accused's attorney and of the court, be prosecuted upon the filing of an information." Moreover, Rule 7(b) of the Tennessee Rules of Criminal Procedure prohibits the amendment of an indictment, presentment, or information if an additional or different offense is thereby charged.

determining whether an offense is a lesser included offense of that charged in the indictment is found in our supreme court's decision *State v. Burns*, 6 S.W.3d 453, 466-67 (Tenn. 1999).

An offense is a lesser included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged . . .; or
(2) an attempt to commit the offense charged . . .; or
(3) solicitation to commit the offense charged.

*Id.* Here, the Appellant was indicted for attempted first degree murder but was convicted of aggravated assault. Under the prevailing *Burns* analysis, this court has held, in *State v. Christopher Todd Brown*, No. M1999-00691-CCA-R3-CD (Tenn. Crim. App. at Nashville, Mar. 9, 2000), that aggravated assault is not a lesser included offense of attempted first degree murder. Moreover, we are constrained to note that no appellate court of this state has held, under any lesser included test, that aggravated assault is a lesser included offense of attempted first degree murder. *State v. Trusty,* 919 S.W.2d 305, 311-312 (Tenn. 1996), *overruled by State v. Dominy,* 6. S.W.3d 472, 475 (Tenn. 1999). Accordingly, we conclude that application of the lesser included offense test articulated in *Burns* requires the conclusion that aggravated assault is not a lesser included offense of attempted first degree murder.

## CONCLUSION

The judgment of conviction is reversed, and the Appellant's plea of guilty is vacated. This case is remanded to the trial court for a new trial or other appropriate proceedings.

_____
DAVID G. HAYES, JUDGE