# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### November 28, 2006 Session

## STATE OF TENNESSEE v. JAMIE ROSKOM

**Appeal from the Circuit Court for Bedford County**
**No. 15841     Lee Russell, Judge**

---

**No. M2006-00764-CCA-R3-CD - Filed February 9, 2007**

---

The Appellant, Jamie Roskom, was convicted by a Bedford County jury of violating the Sexual Offender Registration, Verification, and Tracking Act of 2004, a Class E felony. On appeal, Roskom argues that he was indicted for failing to "register" as a sexual offender, which is a violation of section 208 of the Act; however, he was convicted of failing to "report," which is a violation of section 204. *See* T.C.A. § 40-39-208(1), -204(c) (Supp. 2004). As such, Roskom asserts that he was not given notice of the crime for which he was convicted, and there is "no proof that [he] [committed] the offense for which he was indicted." After review of the record, we agree and conclude that the indicted offense of failing to "register" impermissibly varied from the proof at trial, which established the separate offense of failing to "report." Accordingly, Roskom's conviction for violation of the "sex offender registration act" is reversed and dismissed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Dismissed**

DAVID G. HAYES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joe M. Brandon, Jr., Smyrna, Tennessee, for the Appellant, Jamie Roskom.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In December 2003, the Appellant moved to Bedford County, Tennessee, and registered as a sexual offender with the Tennessee Bureau of Investigation (TBI) based upon his conviction for second degree sexual assault in the State of Wisconsin. At this time, sexual offender registration was administered by the TBI. In 2004, the legislature replaced existing law with the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004," which

placed the registration and reporting requirements of the Act with local law enforcement. The 2004 Act required sexual offenders to register in person, provide required information, and, at periodic intervals, report back to update information. The 2004 Act also required all currently registered sexual offenders to re-register with local law enforcement.

On September 8, 2004, the Appellant met with Detective Brown of the Bedford County Sheriff's Department and registered as required by the new Act. At this "initial registration" session, the Appellant was also informed of and provided a preprinted information sheet explaining future reporting requirements, which are recited in relevant part as follows:

> Reporting requirements for offenders:
> After the offender has registered with the SOR [sexual offender registry], the offender shall report in person to the designated law enforcement agency as follows: (1) Sexual offenders shall report once a year within 7 days of the offender's birth date and pay an administrative fee of $60; . . . .

Thus, because the Appellant's birthday was March 20, 1974, the Appellant was required to report back to the Bedford County Sheriff's Department by March 28, 2005, in order to update the information in the registry. Detective Brown reviewed the penalties for failing to comply with the requirements, and the Appellant signed a statement which read, "I acknowledge that I have read or had read to me the registration requirements for TN and I understand these requirements." Detective Brown, in turn, relayed the current information to the TBI.

In April, 2005, the TBI notified Detective Brown that the Appellant had not updated his information in March, 2005, as required. On April 22, 2005, Detective Brown obtained a warrant for the Appellant's arrest which alleged:

> On the 22nd day of April, 2005 this officer did conduct a check of the sex offender registry for anyone in possible violation status . . . [and] it was found that [the Appellant] should have reported to the Bedford County Sheriff's before 3-28-05. After this date he is considered to be in violation status. To wit: Violation of the Sex Offender Registry. . . .

(emphasis added). On May 2, 2005, the Appellant reported to the sheriff's department, and he was arrested on the warrant.

On May 25, 2005, the Appellant's case was bound over to the grand jury and, on July 18, 2005, a Bedford County grand jury indicted him as follows:

> [The Appellant], who is a sexual offender, did fail to timely register as a sexual offender with the Tennessee Bureau of Investigation or other law enforcement agency, in violation of Tennessee Code Annotated §40-39-208, and against the peace and dignity of the State of Tennessee.

(emphasis added). At trial, Detective Brown acknowledged that the Appellant had timely registered with the TBI in December, 2003, and had registered with the Bedford County Sheriff's Department in September, 2004. Detective Brown testified that the Appellant had failed, however, to "report in person" on or before March 28, 2005, and update his registration information as required by law.

The jury found the Appellant guilty of violating the "sex offender registration act."[1] He was sentenced to three years, as a Range II, multiple offender, and he was ordered to serve his sentence in the Department of Correction. This timely appeal followed.

**Analysis**

The Appellant asserts that his conviction should be dismissed because he was indicted for failing to timely register pursuant to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, and the State presented no evidence to support this allegation at trial. Rather, he alleges the evidence presented by the State proved that he violated a different provision of the law which required him to report in person to his local law enforcement agency within a week of his birthday, specifically by March 28, 2005. The State contends that the Appellant's conviction should be affirmed because a violation of the sexual offender registration law based on a failure to timely register encompasses a failure to report in person since the offender is required to essentially provide or verify the same information during these two contacts. Moreover, the State argues that the Appellant's "quibbling with the terms 'report' and 'register' obscures the reality that the indictment put him on notice of the crime and sufficiently described the act to be prosecuted."

It is fundamental that an accused is constitutionally guaranteed the right to be informed of "the nature and cause of the accusation". U.S. CONST. amend. VI, XIV; TENN. CONST. art I § 9; *see also Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000). An indictment is sufficient to satisfy the constitutional guarantees of notice to the accused if it "contains allegations that: (1) enable the accused to know the accusation to which answer is required; (2) furnish the trial court an adequate basis for entry of a proper judgment; and (3) protect the accused from a subsequent prosecution for the same offense." *State v. Hammonds*, 30 S.W.3d 294, 299 (Tenn. 2000) (citing *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997)). In addition, an indictment is statutorily required to "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . ." T.C.A. § 40-13-202 (2003).

A defendant cannot legally be convicted of an offense which is not charged in the indictment or which is not a lesser offense embraced in the indictment. *State v. Cleveland*, 959 S.W.2d 548,

---

[1]The jury verdict form recites, "We, the jury, unanimously find the Defendant, Jamie Roskom Guilty of violation of the sex offender registration act, on or about April 22, 2005," without specifying which provision of the Act was in fact violated.

552 (Tenn. 1997). Put simply, not only must the State prove the crime it charges, it must charge the crime it proves. After an indictment has been returned, its charge may not be broadened or changed except by consent of the defendant or by action of the grand jury. *See United States v. Miller*, 471 U.S. 130, 143, 105 S. Ct. 1811, 1819 (1985). A constructive amendment of the indictment which "occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged[,]" automatically requires a reversal, "because the defendant may have been convicted on a ground not charged in the indictment. . . ."[2] *State v. Goodson*, 77 S.W.3d 240, 244 (Tenn. Crim. App. 2001) (citing *U.S. v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985)).

The language of the indictment recites that the Appellant "did fail to timely register as a sexual offender" in violation of T.C.A. 40-39-208. The provisions of this statute list eight violations, including "[f]ailure of an offender to timely register." T.C.A. § 40-39-208 (a)(1). The statute, however, lists no penal provision for failure to "report."[3]

The proof at trial established that the Appellant complied with the "initial registration" requirement, as referred to by Detective Brown, but that the Appellant failed to annually report in person as required by Tennessee Code Annotated section 40-39-204(c).

The trial court instructed the jury that an essential element of the charged crime required proof:

> that the defendant knowingly failed to report in person, no earlier than seven (7) calendar days before and no later than seven (7) calendar days after the offender's date of birth, to the designated law enforcement agency to update such offender's fingerprints, palm prints, and photograph, to verify the continued accuracy of the information in the TBI registration form, and to pay the specified administrative costs.

In addition, the trial court read, in its entirety, the specific provisions of Tennessee Code Annotated section 40-39-204(c).

---

[2] But for a statute of limitations bar, double jeopardy principles would not prohibit subsequent prosecution of the Appellant for a violation of Tennessee Code Annotated section 40-30-204 (c), failing to report, because the Appellant has never been indicted for this offense.

[3] The State argues alternatively that the penal provision of Tennessee Code Annotated seciton 40-39-208(a), in addition to listing eight separate means of violating the Act, also makes penal any knowing violation of "any provision of this part." Such violation, the State asserts, would include a violation of the reporting requirements of Tennessee Code Annotated 40-39-204(c). We must reject this argument as the indictment makes no reference to a violation of 40-39-204(c), and the language of the indictment is not otherwise sufficiently "concise" to place the accused on notice to any "degree of certainty" that a violation of section 204(c) is being charged. *See* T.C.A. § 40-13-202. In sum, we find the constitutional right of notice to be more than a simple quibble.

It is apparent, as denoted by the separate statutory provisions, that the requirement of registering is a separate and distinct requirement from that of reporting. We conclude that the proof at trial and the jury instruction given amounted to a constructive amendment of the indictment by broadening the grounds for conviction of a separate offense. Accordingly, we conclude that the constructive amendment of the indictment infringed upon the Appellant's "right to have the grand jury make the charge," thus, resulting in reversible error. *See Goodson*, 77 S.W.3d at 245.

## CONCLUSION

For the above reasons, we conclude that a constructive amendment of the indictment occurred when the jury was permitted to convict the Appellant for a crime different from that which was charged or included within the indictment. Accordingly, the Appellant's conviction for violation of Tennessee Code Annotated section 40-39-204(c), failing to report, is reversed and dismissed.

_____
DAVID G. HAYES, JUDGE