IN THE COURT OF CRIMINAL APPEALS OF
TENNESSEE

AT KNOXVILLE

JULY SESSION, 1999

FILED

November 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    )    C.C.A. NO. 03C01-9806-CC-00215
    )
    Appellee,    )
    )    ANDERSON COUNTY
VS    )
    )    HON. JAMES B. SCOTT,
CURTIS J. ELY,    )    JUDGE
    )
    Appellant.    )    (Felony Murder-Life Sentence)

## CONCURRING OPINION

I write separately because I believe the trial judge erred by failing to instruct the jury as to the lesser offenses of second degree murder and facilitation of felony murder. Because I find the error to be harmless, however, I concur in affirming the Defendant's conviction.

In State v. Cleveland, 959 S.W.2d 548 (Tenn. 1997), our supreme court stated,

> [T]he trial court must instruct the jury on all lesser grades or classes of offenses and all lesser included offenses if the evidence will support a conviction for the offenses. The instructions preserve a defendant's right to fair and reasonable notice of the charges and allow the jury to consider all relevant offenses in determining the appropriate offense for conviction. Finally, "allowing consideration of the lesser included offenses and the offenses of lesser grades and classes, if the evidence supports guilt on those offenses, more evenly balances the rights of the defense and the prosecution and serves the interests of justice."

Id. at 553 (citation omitted).

In State v. Bolden, 979 S.W.2d 587 (Tenn. 1998), the Defendant had been tried for the offense of premeditated first degree murder. Over the Defendant's objection, the trial judge charged the jury concerning the lesser included offense of second degree murder. The jury convicted the Defendant of second degree murder. On appeal, the Defendant argued that the trial judge erred by allowing the jury to consider second degree murder as an option. In affirming the Defendant's conviction for second degree murder, the supreme court stated,

> This Court has interpreted Tenn. Code Ann. § 40-18-110(a) to mean that a trial court must instruct the jury on all lesser offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense.
>
> . . .
>
> We have frequently held that the trial court's obligation under this statute is mandatory, provided there is sufficient evidence for a rational trier of fact to find a defendant guilty of a lesser offense.
>
> . . .
>
> One purpose of the statute is to protect the right to trial by jury by instructing the jury on the elements of all offenses embraced by the indictment. Although it often benefits the defendant to have a jury consider lesser offenses, the mandatory nature of the statute indicates that it facilitates the overall truth-seeking function of the process.
>
> . . .
>
> In view of the foregoing, the only remaining argument and the only question for review is whether the evidence was sufficient to sustain a conviction for the lesser included offense of second degree murder.

Id. at 593.

As Judge Riley points out in his opinion, our supreme court has frequently held that failure to instruct on a lesser offense is not error where the record clearly shows that the Defendant is guilty of the greater offense and the record is devoid of any evidence permitting an inference of guilt of the lesser offense. See State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). In Langford, however, our supreme court reiterated that "a trial court must instruct the jury on

all lesser included offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense." Id.

In the case at bar, the testimony heard by the jury concerning the Defendant's involvement in the killing of the victim was inconsistent, contradictory, and at least somewhat confusing. While I agree that the evidence presented is sufficient to support the Defendant's conviction of first degree felony murder, I also conclude that the evidence presented would have been legally sufficient to support a conviction of second degree murder or facilitation of felony murder. If the trial judge had charged the jury concerning these offenses, and if the jury had found the Defendant guilty of either one, I believe the conviction would withstand a challenge to the sufficiency of the evidence. For this reason, I believe the trial judge erred by failing to instruct the jury as to the lesser offenses.

However, our supreme court has recently held that the failure to instruct on a lesser offense may be shown to be harmless error. State v. Williams, 977 S.W.2d 101, 105 (Tenn. 1998). In Williams, our supreme court stated,

> Reversal is required if the error affirmatively appears to have affected the result of the trial on the merits, or in other words, reversal is required if the error more probably than not affected the judgment to the defendant's prejudice.

Id. at 105. (emphasis added)

In the case at bar, the only options before the jury were to find the Defendant guilty of first degree murder or to find him guilty of nothing at all. Even though I believe the trial judge should have charged the jury concerning the lesser offenses, I certainly cannot say that the trial court's error affirmatively appears to have affected the result of the trial on the merits. In other words, I cannot say that the jury more probably than not would have found the Defendant guilty of a lesser offense if the jury had been given that option. Therefore, under Williams, I conclude that the error is harmless and reversal is not required.

-3-

In all other respects, I fully concur in the excellent opinion authored by Judge Joe G. Riley.

-4-


_____
DAVID H. WELLES, JUDGE