STATE of Tennessee, Appellee,

v.

Ronnie L. JOHNSON, Appellant.

No. 83–54–III.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 6, 1984.

Permission to Appeal Denied by the Supreme Court May 7, 1984.

James R. Stallings, Jr., Lebanon, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Tom P. Thompson, Dist. Atty. Gen., Guy Yelton, Asst. Dist. Atty. Gen., Lebanon, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Ronnie L. Johnson, was convicted of aggravated rape and aggravated assault, receiving penitentiary sentences of life and not less than four (4) years nor more than ten (10) years, respectively, the sentences to be served concurrently.

In this appeal, the defendant contends that the aggravated rape statute is unconstitutional, says the trial court erred in allowing the State to cross-examine him regarding his less than honorable discharge from military service, complains that the trial court improperly admitted certain evidence, alleges that the indictment was defective, and argues that his dual convictions were improper. We agree with the defendant that his conviction for aggravated assault cannot stand; however, we find no merit to his other claims.

■ In his challenge to the constitutionality of the aggravated rape statute, the defendant alleges that a reading of the relevant rape statutes establishes that simple rape, under T.C.A. § 39–2–604(a)(1), requires proof of the element of force or coercion, while aggravated rape, under T.C.A. § 39–2–603(a)(2), does not require proof of either of those elements. Thus, he argues that this renders the aggravated rape statute unconstitutionally vague and overbroad. We find no merit to this contention.

Our Supreme Court in *State v. Wilkins*, 655 S.W.2d 914 (Tenn.1983) considered a similar constitutional attack upon T.C.A. § 39–2–603(a)(2), and in holding that T.C.A. § 39–2–603(a)(2) was not constitutionally infirm and that it gave adequate notice of the conduct proscribed, said:

> We think that the term rape is commonly understood and was adopted by the legislature in T.C.A. § 39–2–604(a)(1) as defined at common law and historically employed in our state. That is, by T.C.A. § 39–2–604(a)(1) the legislature proscribed sexual penetration accomplished by force and without the consent or against the will of the victim. T.C.A. § 39–2–603(a)(2) proscribes aggravated rape and thus necessarily incorporates the definition of rape, being but an aggravated form of the same offense.

655 S.W.2d at 916; *see also State v. Thomas*, 635 S.W.2d 114 (Tenn.1982).

Next, the defendant says the trial court erred in allowing the State to cross-exam-

ine him regarding his less than honorable discharge from the army.

During direct examination, the defendant testified that he had served nine (9) years in the military service. On two (2) other occasions, he mentioned his military service. On cross-examination he testified he was discharged with the rank of Private E–1. When the State asked the reason for his lack of promotion, the trial court disallowed the question, but the defendant requested the opportunity to explain and stated that at the time of his discharge he was a Sergeant, E–5. The State then asked if he had received an honorable discharge. An objection was entered and a jury-out hearing was held.

At the jury-out hearing, it was disclosed that the defendant's discharge record indicated he had been discharged under other than honorable conditions at the rank of E–1, Private. The trial court ruled that the defendant could be cross-examined regarding his rank at the time of discharge and the nature of his discharge.

In the presence of the jury, the State asked the defendant if he had testified previously that he had been discharged at the rank of E–5. He replied that at the time of his discharge he was an E–5, Buck Sergeant, but that the type of discharge he got caused him to lose all rank because he "got out earlier" than he was supposed to. The defendant then acknowledged that his discharge showed he was discharged with the rank of E–1 under conditions other than honorable.

█ The scope of cross-examination is largely in the discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion to the manifest prejudice to the complaining party. *Monts v. State,* 214 Tenn. 171, 379 S.W.2d 34 (1964).

█ Since the defendant, on direct examination, opened the door by bringing up the subject of his nine year military service record, which implied to the jury a long term of honorable service to his country, and in light of the fact that his discharge record contradicted his testimony regard-

ing his rank at the time of his discharge, we find that the evidence regarding his rank and the type of his discharge was properly admitted to challenge his credibility.

Next, the defendant contends that the trial court erred in overruling his motions to suppress certain evidence.

█ First, he says that evidence seized from his home and automobile should have been suppressed. At the pretrial suppression hearing, it was shown that the defendant consented to a search of his home and automobile. He signed consent forms authorizing a search of both his home and automobile. A search of his home revealed two (2) blood stained socks in his clothes hamper. These socks tended to implicate the defendant in the attack upon the victim. The trial judge found that the defendant's consent to search was given knowingly and voluntarily. We find that the evidence supports that ruling.

█ Also, the defendant complains about the admission into evidence of certain statements he made to the police prior to being given his *Miranda* admonitions. The statements were made during the initial investigative phase of the case and before the defendant became a suspect or was taken into custody. Statements made under these circumstances are not barred by the *Miranda* rule. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *see also Parks v. State,* 543 S.W.2d 855 (Tenn.Cr.App.1976) and *Bryant v. State,* 539 S.W.2d 816 (Tenn.Cr.App.1976).

We find that the trial court properly admitted the statements into evidence.

█ Additionally, the defendant contends that the trial court erred in allowing the victim to testify as to his voice identification of him. The victim's limited identification of the defendant was based on her recognition of his voice when she heard him speak at the preliminary hearing. The victim testified that she heard the voice of her attacker several times at the time of the rape, was attentive to it, and "would never forget that voice."

Obviously, the victim had a valid basis for comparison of her attacker's voice with that of the defendant's voice when she heard it at the preliminary hearing, and thus her testimony that she recognized the defendant by his voice was admissible. 1 *WHARTON'S CRIMINAL EVIDENCE* § 189 (13th ed. 1972); *see United States v. McMillan*, 508 F.2d 101 (8th Cir.1974); *see also Stroup v. State*, 552 S.W.2d 418 (Tenn.Cr.App.1977).

Further, the defendant's allegation that he was without counsel at the preliminary hearing when the voice identification occurred is refuted by the record.

■ Also, the trial court properly allowed three (3) small color photographs of the victim to be admitted into evidence. They were relevant and probative to show the victim's personal injuries. We have examined the photographs and find that they are neither gruesome nor inflammatory. We find no abuse of discretion. *State v. Banks*, 564 S.W.2d 947 (Tenn.1978).

The defendant's complaint that the indictment did not allege that the rape was accomplished "by force and against the will" of the victim is without merit for reasons we discussed in ruling on the constitutionality of the aggravated rape statute. *See State v. Wilkins, supra.*

■ Finally, the defendant complains that his convictions for both aggravated rape and aggravated assault cannot stand, arguing that the latter is a lesser included offense of the former.

The defendant was convicted of aggravated rape under T.C.A. § 39–2–603(a)(2). Count one of the indictment, in charging this offense, included the allegation that the defendant accomplished the act by "beating" the victim. He was also convicted of aggravated assault under T.C.A. § 39–2–101(b)(1). Count 2 of the indictment, in charging this offense, included the allegation that the defendant caused serious bodily injury to the victim "by beating her in the head ..." The proof showed that the defendant accomplished the aggra-

vated rape by beating (assaulting) the victim, causing personal injuries to her.

Since the allegations in count one, charging aggravated rape, in effect, included the elements of aggravated assault as charged in count 2, we are led to the conclusion that the defendant is correct in his insistance that the aggravated assault offense was a lesser included offense of the aggravated rape offense. *Howard v. State*, 578 S.W.2d 83 (Tenn.1979). It follows then that the defendant should not have been convicted for the crime of aggravated assault, and therefore, we must set this conviction aside.

The defendant's conviction for aggravated rape is affirmed. His conviction for aggravated assault is reversed and that count of the indictment is dismissed.

O'BRIEN and SCOTT, JJ., concur.