**STATE of Tennessee, Appellee,**

v.

**Reginald REED, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 29, 1984.

Permission to Appeal Denied by Supreme Court April 1, 1985.

Thomas Travaglini, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Kevin Steiling, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Edward Bernard, Roe Ellen Coleman, Asst. Dist. Attys. Gen., Nashville, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Reginald Reed, was found guilty of aggravated rape and armed robbery and was sentenced to Range II sentences of forty-five (45) years and forty (40) years, respectively. The trial court ordered his forty (40) year armed robbery sentence to be served consecutive to his forty-five (45) year aggravated rape sentence. The defendant was also convicted of aggravated assault for which he received a concurrent seven (7) year sentence; however, for reasons stated in this opinion his aggravated assault conviction must be set aside.

In this appeal, the defendant says the trial court made an incorrect statement to the jury on voir dire regarding the law on his right to the presumption of innocence, contests the admission of certain evidence, says he was improperly denied a hearing on his motion to suppress, raises issues about the trial court's instructions to the jury, and argues that his sentences were improperly imposed. We find no reversible error incident to the defendant's aggravated rape and armed robbery convictions, but we do find merit to one portion of his sentencing issue.

The defendant does not challenge the sufficiency of the evidence, but in order to explain our rulings on some of his issues, a recitation of some of the evidence will be helpful.

The State's evidence showed that on March 24, 1983, the victim arrived at her duplex apartment at 5:55 a.m. The defendant was standing on the porch of his nearby duplex apartment. The victim entered her apartment, took a shower, and then heard a knock on her door. As she placed her hand on the doorknob, she noticed that it was already turning. The defendant came in and asked to use the phone. Subsequently, the defendant grabbed her by the arms and demanded a kiss. The victim went into her roommate's bedroom to get a gun, but she could not find it. She returned to the living room, at which time the defendant was standing at the door. He had her purse under his arm, and he said, "I was going to steal your purse." The defendant locked the door, grabbed the victim again by the arms, and struck her in the face and broke her glasses. The defendant then threw her into a chair, pulled out a knife, and continued to hit her in the face, choked her, and struck her with the knife which resulted in a deep puncture wound to her left upper arm. In the scuffle, the defendant received a cut on his finger with the same knife. Thereafter, the defendant raped the victim, took ten dollars ($10.00) from her and seventy-five dollars ($75.00) from her roommate's room, and then left. In addition to the knife wound, the victim received head injuries. Soon after the event, the police arrested the defendant at his apartment where he was found hiding under the bed.

In his testimony, the defendant admitted being at the victim's apartment on the occasion in question, and he attempted to con-

vince the jury that he and the victim had a fight over a drug transaction. He said that the victim pointed a knife at him and that he slapped her hand away and struck her, causing her to fall, and that in falling, she fell on the knife and was wounded. The defendant denied that he raped or robbed the victim.

We need not further detail the evidence. Suffice it to say that the jury rejected the defendant's version of the event, and accredited the testimony of the State's witnesses. We find that the evidence is more than sufficient to show the defendant's guilt.

Before we address the defendant's issues, we will explain why the defendant's conviction for aggravated assault must be set aside.

The defendant was charged in a three count indictment.

The first count charged him with aggravated rape, i.e. rape while "armed with a weapon, to-wit: a knife." T.C.A. § 39–2–603(a)(1) (1982). The jury found him guilty of aggravated rape.

The second count charged the defendant with armed robbery, i.e. robbery "accomplished by the use of a deadly weapon, to-wit: a knife." T.C.A. § 39–2–501 (1982). The jury found him guilty of armed robbery.

The third count charged the defendant with assault with intent to commit murder in the first degree, inflicting "bodily injury" upon the victim. T.C.A. § 39–2–103(a), (b) (1982). Regarding the third count, the jury reported that it found the defendant not guilty of assault with intent to commit murder in the first degree "involving bodily injury," but rather found him guilty of the lesser included offense of "aggravated assault with a deadly weapon."

The jury's verdict finding the defendant guilty of "aggravated assault with a deadly weapon" obviously had to be based on T.C.A. § 39–2–101(b)(3) (Supp.1984) which provides:

(b) Any person who:

.    .    .    .    .

(3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession ... is guilty of the offense of aggravated assault ...

As the proof developed in this case, the elements of this offense were all encompassed in the offense of aggravated rape by the use of a deadly weapon, for which the defendant was also convicted.

The defendant's conviction of aggravated rape on count one of the indictment was predicated on the fact that the assault was carried out while he was armed with a weapon, to-wit: the knife, and yet we see that his conviction on count three of the indictment of aggravated assault with a deadly weapon was also predicated on the fact that he committed the assault while displaying or being in possession of the same knife.

■    The offense of aggravated assault may or may not be a lesser included offense of aggravated rape, depending upon the allegations in the indictment and the proof. *See Howard v. State,* 578 S.W.2d 83 (Tenn.1979). *See also State v. Johnson,* 670 S.W.2d 634 (Tenn.Cr.App.1984).

We point out that while aggravated assault can be predicated on the fact that a deadly weapon was used, it can also be predicated on other facts. T.C.A. § 39–2–101(b)(1), (4) (Supp.1984). The same thing is true as to the offense of aggravated rape. T.C.A. § 39–2–603(a)(2), (3), (4) (1982). However, in the present case, as we have indicated, both of the aggravated assault elements, i.e., the assault and the use of the weapon, were elements involved in the defendant's aggravated rape conviction.

■    Therefore, after considering the indictment allegations as stated in count one and count three, and the proof pertaining to those counts, as well as considering the jury's verdict on count three where it predicated the defendant's aggravated assault conviction on the use of the same weapon that was the basis of the defendant's aggravated rape conviction, we come to the

conclusion that in this case the offense of aggravated assault was a lesser included offense of the aggravated rape offense. *Howard v. State, supra; State v. Johnson, supra.*

Thus, we find that the defendant should not have been convicted of both aggravated rape and aggravated assault.

For the reasons stated, we reverse the defendant's conviction for aggravated assault and that charge is dismissed.

Next, we will address the defendant's voir dire complaint. At one point, during defense attorney's examination of the jurors, the following exchange took place:

MR. WATSON: Right. As things stand right now, he's presumed to be innocent and that presumption continues for the entire trial; is that right?

THE COURT: No, it doesn't. That's incorrect. It continues until the State has presented evidence to overcome that presumption. That might not be all the way through the trial.

MR. WATSON: I'm sorry, your Honor. I didn't mean to misstate that.

Clearly, the trial court misstated the law because the presumption of innocence remains with the defendant throughout every stage of the trial. The law on this subject is correctly stated in T.P.I.—Crim. § 2.01 as follows:

The law presumes that the defendant is innocent of the charge against him. This presumption remains with the defendant throughout every stage of the trial, and it is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

Although the trial court misstated the law, when viewed in the context of the other statements made during voir dire, as well as the entire case, the error is harmless.

During voir dire, the State's counsel, defense counsel, as well as the trial court, repeatedly stressed to the jurors that the defendant was presumed innocent and that the entire burden rested on the State to prove his guilt beyond a reasonable doubt. In other parts of the voir dire, both State's counsel and defense counsel elicited responses from the jurors that they would wait until they had heard all of the evidence before they would decide whether the defendant was guilty. Also, we note that at one point during voir dire, after the trial court had misstated the law, the trial court gave a correct statement of the law, saying:

Now, in this particular case, as well as any criminal case that you'll be hearing during the process of your jury service over the next three weeks, there are several principles of law that you are to abide by and that will govern your sitting on juries.

One, is that the defendant enters the courtroom presumed to be innocent. *This presumption remains with the defendant throughout each and every stage of the trial* and is not overcome, unless from all the proof presented in the case, you are convinced that the defendant is guilty.

Now, in that regard, the State has the burden of proving the defendant's guilt beyond a reasonable doubt and to a moral certainty. (emphasis added)

Further, we call attention to the fact that in its final instructions to the jury, the trial court gave a correct statement of the law on the subject by stating the language of the pattern instruction quoted above.

Accordingly, when the trial court's error is viewed in the light of the entire proceedings, along with the ample evidence showing the defendant's guilt, we conclude that no prejudice resulted to the defendant. We find that the error was harmless. T.R.A.P. 36(b); Tenn.R.Crim.P. 52(a).

Also, we apply the harmless error rule to the fact that Detective Ricky Roll was allowed to testify as to what the victim had told him about the details of the attack and about the description of the defendant that she gave him. The victim had already testified in substance to the same things. Detective Roll's testimony was "merely cu-

mulative and thus harmless." *State v. Lewis*, 628 S.W.2d 750, 751 (Tenn.Cr.App. 1981).

■ In another issue, the defendant says the trial court erred in allowing evidence of his prior conviction. During cross-examination of the defendant, the State elicited from the defendant that he had been convicted in 1982 of an attempt to commit a felony. During the jury out hearing on this question, it was shown that the defendant's conviction was based on a burglary charge. This evidence was properly admitted. *See State v. Morgan*, 541 S.W.2d 385 (Tenn.1976).

Next, the defendant argues that a tape recording of his statement was improperly admitted into evidence.

■ After the defendant had testified denying having made certain statements to the police, the State in rebuttal was allowed to play the tape recording of that statement. A transcript of the tape had been made and had been furnished to the defendant prior to trial. The contents of the tape and the transcript were the same. In fact, Detective Roll had testified in the State's case-in-chief about the contents of the defendant's statement and the transcript of its contents had been filed in evidence, so therefore the playing of the tape in rebuttal did not tell the jury anything they had not already heard. We find no error.

Additionally, we find no error in the trial court's action in refusing to grant the defendant a hearing on his motion to suppress. The trial court found that the motion was untimely filed. Also, the trial court found that the defendant had not shown "good cause" for the waiver of the time rule. The record supports both rulings. *See* Tenn.R.Crim.P. 12(b)(3) and 12(f); *see also State v. Hamilton*, 628 S.W.2d 742, 744 (Tenn.Cr.App.1981) and *Feagins v. State*, 596 S.W.2d 108 (Tenn.Cr. App.1979).

■ Another complaint by the defendant is that the trial court did not charge on the issue of self-defense. As we view this question, the issue of self-defense could only apply to the offense of aggravated assault and in view of our disposition of that charge, the issue is moot. Moreover, the credible evidence did not warrant any self-defense instruction. We point out that the defendant never indicated that he was in fear of the victim. He maintained that the victim was accidentally injured and that he did not intentionally inflict any injuries upon her.

Finally, we consider the defendant's sentencing complaints.

The trial court ordered that the defendant be sentenced to Range II sentences for his offenses, and also ordered that his armed robbery sentence be served consecutive to his aggravated rape sentence.

■ Regarding the consecutive sentencing question, we note that the trial court based its ruling on a finding that the defendant was both a persistent and a dangerous offender.

The record shows that the defendant's crimes indicate that he has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Also, the record shows that the defendant had previously been convicted of one felony (attempt to commit a felony) and more than two (2) misdemeanors. Thus, the record fully supports the trial court's finding that the defendant was both a dangerous offender as well as a persistent offender, and as such he was an eligible candidate for consecutive sentencing under the dictates of *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976).

However, we do find that the trial court erred in imposing Range II sentences upon the defendant for his aggravated rape and armed robbery convictions.

■ The trial court imposed Range II sentences because he found the defendant to be an especially aggravated offender based on two (2) separate factors, as listed in T.C.A. § 40–35–107(2) and (3)(C) (1982 and Supp.1984), i.e. willful infliction of serious bodily injury upon the victim, and com-

mitting the instant crime while on probation. Under the 1983 and 1984 amendments to T.C.A. § 40–35–107, the trial court would have been authorized to impose Range II sentences because the enumerated factors used to find that the defendant committed especially aggravated offenses were not alleged as statutory elements in the indictment. See T.C.A. § 40–35–107(6)(A) (Supp.1984).

 Nevertheless, since the defendant's offenses were committed on March 24, 1983 (prior to the effective dates of the 1983 and 1984 amendments to T.C.A. § 40–35–107), then the propriety of the defendant's eligibility for Range II sentences must be judged under the statutory provisions that were in effect prior to the amendments.

At the time of the defendant's offenses, T.C.A. § 40–35–107(6)(A) (1982) contained this proviso: "The provisions of this section shall not apply to sentencing for an offense ... [i]f the provisions of the crime charged in the indictment provide for some form of enhancement for the commission of that offense in an aggravated manner."

Therefore, since each of the defendant's convictions for aggravated rape and armed robbery already carried its own form of enhanced punishment because they had been committed in an aggravated manner, then it follows that the provision of the statute applicable to the defendant plainly precluded the use of any aggravating factor so as to qualify him as an especially aggravated offender and thereby make him eligible for Range II sentencing.

In *State v. Jeffrey Fort*, No. 83–210–III (Tenn.Cr.App., Nashville, June 1, 1984), our Court dealt with practically the same Range II sentencing issue that is involved in the instant case. In that case, we interpreted the law, as set out in T.C.A. § 40–35–107(6)(A) (1982) (prior to the 1983 and 1984 amendments), the same as we have done in the present case.

Accordingly, we find that the defendant's Range II sentences were improperly imposed.

For the reasons stated in this opinion, we reverse the defendant's conviction for aggravated assault and that charge is dismissed. We affirm his convictions for aggravated rape and armed robbery; however, his Range II sentences for those convictions are set aside, and the case is remanded to the trial court for a new sentencing hearing, at which hearing the trial court will fix Range I sentences at such terms as the trial court, in its discretion, deems appropriate. See T.C.A. § 40–35–109(a) (1982 and Supp.1984).

TATUM and CORNELIUS, JJ., concur.