# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION

FILED

April 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9805-CR-00202 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| TINA SWINDLE, | ) | Honorable Seth Norman |
| | ) | |
| Appellant. | ) | (Facilitation of Rape of a Child, |
| | ) | 2 counts; Aggravated Sexual |
| | ) | battery, 2 counts) |
| | ) | |

**FOR THE APPELLANT:**

TERRY J. CANADY
Suite 400, 211 Printer's Alley Bldg.
Nashville, TN 37201

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243

LILA STATOM
BILL REED
Asst. District Attorneys General
Washington Sq.Two - Ste. 500
222 Second Avenue, North
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Tina Swindle, appeals from two of the four convictions she received after a jury trial in the Davidson County Criminal Court. The defendant was convicted of the following offenses:

| Count: | Offense: | Sentence: |
|---|---|---|
| (1) | Facilitation of rape of a child | 10 years |
| (2) | Facilitation of rape of a child | 8 years |
| (3) | Aggravated sexual battery | 8 years |
| (4) | Aggravated sexual battery | 8 years |

All of the convictions constitute Class B felonies, and the defendant was sentenced as a Range I, standard offender. All of these sentences were imposed to run concurrently. The defendant appeals only from the convictions of aggravated sexual battery. The single issue on appeal is whether the defendant was denied her rights to a trial by jury when the trial court failed to instruct the jury as to the offense of assault. After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

The charges originated in an indictment that charged the defendant and Daniel Hall with the commission of various sexual offenses. The victim of all these offenses is the defendant's daughter, who was nine years of age at the time the offenses were committed. The charges against Daniel Hall were severed from the defendant's charges.

The defendant and the victim's father were divorced, and the defendant exercised visitation with the victim on alternate weekends. Sometimes during these visitations, Daniel Hall, the defendant's boyfriend, was present in the defendant's home. On one such occasion, the victim was in bed with the defendant and Daniel Hall while Hall was performing cunnilingus on the defendant. The victim testified that the defendant asked Hall, "Why don't you do it to [the victim] for a little while?" The victim testified that Hall then moved over and "done it to me." She said the defendant assisted Hall by grabbing the victim on the thighs and opening her

2

legs. The state elected this episode as the basis for count (1). For count (2), the state elected a separate episode in which defendant opened the victim's legs in order to accommodate Hall's act of cunnilingus. To establish the aggravated sexual battery charged in count (3), the state elected an episode in which the defendant took both of the victim's hands, put them on Hall's penis and made the victim "pull up and down on it." To establish the aggravated sexual battery charge contained in count (4), the state elected an episode which was described by the victim as the defendant placing her hand on the victim's "front private part and . . . rubbing it up and down."

The defendant offered no proof; however, during the state's case in chief, the investigating officer introduced a tape of the defendant's pretrial statement. She generally denied involvement in the crimes.

The defendant contends with respect to counts (3) and (4), the trial court should have instructed the jury as to the lesser included offense of assault. On the other hand, the state contends that there was no basis in the proof to warrant the charge on assault. The state also maintains that, if the failure to give the assault instruction was error, the error was harmless.

As used in the present case, aggravated sexual battery "is unlawful sexual contact with a victim by the defendant or the defendant by a victim [when] . . . the victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a)(4) (1997). "'Sexual contact' includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts . . . if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-501(6) (1997).

Assault is committed by a person who "intentionally or knowingly causes physical contact with another and a reasonable person would regard the

3

contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a)(3) (1997). An assault defined in section 39-13-101(a)(3) is a Class B misdemeanor.

The trial court is obliged to instruct the jury on all lesser offenses when the evidence contains facts that "'are susceptible of inferring guilt of any lesser included offense.'" State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996) (quoting State v. Wright, 618 S.W.2d 310 (Tenn. Crim. App. 1981)). However, when "the evidence in a record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense, the trial court's failure to charge on a lesser offense is not error." State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994).

In support of his claim that assault should have been charged, the defendant relies upon State v. Howard, 926 S.W.2d 579 (Tenn. Crim. App. 1996), overruled on other grounds, State v. Williams, 977 S.W.2d 101, 106, (Tenn. 1998). In Howard, "the evidence adduced at trial established that the defendant rubbed the victim's buttocks, legs and back . . . [and] tried to place his hands between the victim's legs and to force the victim to suck this thumb." Howard, 926 S.W.2d at 584. Howard claimed the trial court "erred by refusing to instruct the jury on assault, a lesser included offense of aggravated sexual battery." Id. at 585. This court held that assault as defined in code section 39-13-101(a)(3) is "clearly a lesser included offense" of aggravated sexual battery and that the trial court erred in failing to instruct on the lesser offense of assault. Id. at 586-87.

To be sure, Howard is emblematic of a number of Tennessee cases which have held that assaultive offenses are lesser included offense of various forms of sexual offenses. See State v. Jeffrey Edward Pitts, No. 01C01-9701-CC-00003, slip op. at 15, n. 8 (Tenn. Crim. App., Nashville, Mar. 18, 1999) (parties agreed that, under Howard, assault is a lesser included offense of sexual battery); Terry Lewis v. Metropolitan General Sessions Ct., No. 01C01-9410-CC-00355, slip

4

op. at 14, (Tenn. Crim. App., Nashville, Feb. 13, 1996) ("Assault and battery was a lesser included offense of sexual contact."), perm. app. denied (Tenn. 1997); State v. Grady E. Shofner, No. 03C01-9403-CR-00113, slip op. at 10 (Tenn. Crim. App., Knoxville, June 27, 1995) ("Assault has long been considered a lesser-included offense of rape and sexual battery in Tennessee."); State v. Banes, 874 S.W.2d 73, 79 (Tenn. Crim. App. 1993) (under circumstances, jury should have been instructed that aggravated sexual battery was a lesser included offense of aggravated rape); Hershel Clark v. State, No. 02C01-9112-CR-00273, slip op. at 6 (Tenn. Crim. App., Jackson, June 2, 1993) ("Assault and battery has been held to be a lesser included offense of rape in this state.") (citations omitted); State v. Reed, 689 S.W.2d 190, 193-94 (Tenn. Crim. App. 1984) (aggravated assault as alleged in the indictment was a lesser included offense of aggravated rape); State v. Johnson, 670 S.W. 2d 634, 637 (Tenn. Crim. App. 1984) (holding that the aggravated assault offense alleged in the indictment was a lesser included offense of aggravated rape).

We have concluded, however, that later cases have implicitly overruled Howard. Resolution of this issue hinges on the approach taken to determining lesser included offenses. In Howard v. State, 578 S.W.2d 83 (Tenn. 1979), the dissent described three approaches: (1) the statutory approach, (2) the pleadings approach, and (3) the evidentiary approach. Howard, 578 S.W.2d at 86 (Henry, C.J., dissenting). The Howard v. State majority held that "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." Howard, 578 S.W.2d at 85 (emphasis added). Howard v. State rejected an evidentiary approach and has been construed to mandate a pleadings approach in comparing the elements of greater and lesser offenses. Reed, 689 S.W.2d at 193-94 (aggravated assault "may or may not" be a lesser included offense of aggravated rape, "depending upon the allegations in the indictment," citing Howard v. State) (emphasis added); Johnson, 670 S.W.2d at 637 (aggravated assault included in offense of aggravated rape, based upon allegations

5

in the indictment); but see State v. Gregory Coulson, No. 01C01-9709-CR-00397, slip op. at 3-4 (Tenn. Crim. App., Nashville, Sept. 15, 1998) (commenting that Howard v. State took the statutory approach to element analysis). Under a pleadings approach, "a lesser offense may be included in the greater if the *language* in the charging instrument . . . sets forth the elements of the lesser offense even though under the statutory definitions it would be possible to commit the greater offense without committing the lesser." Coulson, slip op. at 4 (italics in original). Under the statutory approach the elements contained in the proscriptive statutes are analyzed in the abstract.

For purposes of the present case, the earlier meanderings of our appellate courts were brought to a halt by our supreme court in State v. Cleveland, 959 S.W.2d 548 (Tenn. 1998). In Cleveland, the court, apparently taking the statutory approach, analyzed in the abstract the respective statutory elements of aggravated assault and aggravated rape to determine that the latter is not a lesser included offense of the former. Cleveland, 959 S.W.2d at 553. Further, the court said that "of the remaining offenses charged by the trial court, attempted rape, aggravated sexual battery, attempted aggravated sexual battery, sexual battery, and attempted sexual battery are lesser grades or classes of the offenses [sic] of attempted aggravated rape . . . [and f]or the same reasons described . . . [in the analysis of statutory elements], assault is neither a lesser grade of offense or [sic] a lesser included offense" of aggravated rape. Cleveland, 959 S.W.2d at 554, n. 5. Although it may be argued that Cleveland did not eliminate assault as a lesser included offense of aggravated sexual battery,[1] we note that Judge Wade, the author of this court's opinion in Howard has recently opined, based on Cleveland,

---

[1]    Cleveland and Howard may be viewed as harmonious. Footnote 5 in Cleveland does not necessarily reject the Howard holding because Cleveland includes aggravated sexual battery in the listing of "lesser grades or classes" of offenses of attempted aggravated rape and does not purport to say that the former is a lesser included offense of the latter. Therefore, the fact that assault is neither a lesser grade nor lesser included offense of attempted aggravated rape does not necessarily exclude it as a lesser included offense of aggravated sexual battery. Howard says that section 39-13-101(a)(3) assault is a lesser included offense of aggravated sexual battery.

that "assault is neither a lesser grade nor a lesser included offense of sexual battery." State v. Edward L. Davis, No. 02C01-9712-CC-00480, slip op. at 10 (Tenn. Crim. App., Jackson, Mar. 19, 1999). In light of these recent developments, we conclude that assault is not a lesser included offense of the offense of aggravated sexual battery.

Even if assault were a lesser included offense of aggravated sexual battery, the record reflects no basis for instructing the jury as to the misdemeanor offense of assault. In the present case, the record is devoid of any evidence to support an inference that the defendant committed assault. In State v. Howard, this court observed that the evidence did not "establish that the touching was clearly of a sexual nature, as is the case in the 'all or nothing' line of cases which do not require instruction on a lesser included offense." Howard, 926 S.W.2d at 586. In other words, Howard did not deny touching the victim; rather, he averred that any touching was devoid of sexual meaning.

Despite the defendant's equivocal acknowledgment in her pretrial statement that Hall possibly manipulated the defendant's hand while the defendant was unconscious, the jury was left with two options: they could accredit her pretrial statement that she neither intentionally nor knowingly committed an offense against her daughter, or they could accredit the testimony of the victim that the defendant intentionally committed the crimes. See State v. Sylvester Smith, No. 02C01-9202-CR-00028, slip op. at 4 (Tenn. Crim. App., Jackson, July 15, 1992). Based on the description of the offenses in the evidence, any unlawful contact was clearly unlawful sexual contact -- from the inception and throughout the activity. See Tenn. Code Ann. § 39-13-501(6), -504(a) (1997).

As in Hershel Clark, "no evidence was offered that the attack was a simple assault devoid of sexual intent." See Hershel Clark, slip op. at 7. Had assault been a lesser included offense of aggravated sexual battery, the trial court

would not have been required to instruct the jury as to such a lesser offense because the defendant "did not, either through [her] own testimony, or through argument place this issue before the jury." Id. The proof "clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense." Stephenson, 878 S.W.2d at 550.

Having concluded that no error was committed, we need not address the state's argument that any error was harmless.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOHN EVERETT WILLIAMS, Judge